JS 44 (Rev. 12/07) CAND Rev 1/10

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
CARL H. ERNST, JR.

## DEFENDANTS
M/V CHALEUR, U.S.C.G. Official No. 1116488, in rem

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Brodsky Micklow Bull & Weiss LLP
Kurt Micklow, State Bar No. 113974
384 Embarcadero West, Ste. 200
Oakland CA, 94607; Telephone: (510) 268-6180

Attorneys (If Known)

C10-5019 JL

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [x] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury—Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
F.R.C.P. Supplemental Admiralty Rules C and E; 46 U.S.C. SECTIONS 30101-31343
Brief description of cause:
IN REM ACTION AGAINST DERELICT VESSEL

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[x] SAN FRANCISCO/OAKLAND [ ] SAN JOSE [ ] EUREKA

DATE: November 5, 2010
SIGNATURE OF ATTORNEY OF RECORD

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

BRODSKY MICKLOW BULL & WEISS LLP
Kurt Micklow, State Bar No. 113974
Edward M. Bull, III, State Bar No. 141996
384 Embarcadero West, Suite 200
Oakland, CA 94607
Tel: (510) 268-6180
Fax: (510) 268-6181

Attorneys for Plaintiff
CARL H. ERNST, JR.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

CARL H. ERNST, JR.,

    Plaintiff,

v.

M/V CHALEUR, U.S.C.G. Official No. 1116488, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS AND APPURTENANCES, *in rem*,

    Defendant.

Case No. CV10 5019

IN ADMIRALTY

**VERIFIED *IN REM* COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY SALE AND FOR MONEY DAMAGES FOR BREACH OF MARITIME CONTRACT, *QUANTUM MERUIT* AND TRESPASS**

F.R.C.P. Supplemental Admiralty Rules C and E.

46 U.S.C. §§ 31301 et seq.

Plaintiff Carl H. Ernst, Jr., ("Plaintiff") alleges:

## JURISDICTION

1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333(1), 28 U.S.C. § 1333 and the Commercial Instruments and Maritime Lien Act, embodied at 46 U.S.C. sections 31301, *et seq.* This action is a maritime and admiralty claim within the provisions of Rule 9(h) of the Federal Rules of Civil Procedure, and within the Supplemental Rules for Certain Admiralty and Maritime Claims and of this Honorable Court. Plaintiff brings this action on his own behalf and on behalf of all parties who were, are or may become interested in all or part of

1 the property which is the subject of this litigation, as their interests may appear.

## PARTIES

2. Plaintiff is and was at all times material herein a citizen of California who resides within the Northern District of California. Pursuant to a written lease with the Port of San Francisco, Plaintiff has at all material times operated a commercial wharf located at Pier 38 in San Francisco, California.

3. United States Coast Guard records reflect that M/V CHALEUR, U.S.C.G. Documentation No. 1116488, is a 140 foot wooden hulled minesweeper ship built for the Canadian Navy in 1957, now decommissioned, with a breadth of 28.5 feet, a depth of 14.8 feet, and of 145 net registered tons ("the Defendant Ship").

4. The Defendant Ship cannot move under its own power. Given its age, wood hull and lack of recent drydocking and maintenance, the Plaintiff is informed and believes that the Defendant Ship poses substantial dangers to the dock structures at Pier 38 and to the San Francisco Bay environment. It is unknown what fuels and chemicals may be aboard the Defendant Vessel in its tanks. Plaintiff is informed and believes that the Defendant Ship likely has no insurance given the financial condition of its owner.

## FIRST CLAIM FOR RELIEF

### (Breach of Maritime Contract for Necessaries)

5. Plaintiff refers to Paragraphs 1 through 4, inclusive, of this Verified *In Rem* Complaint and incorporates them as though fully set forth herein.

6. In or about the fall of 2009, the Defendant Ship became berthed at Pier 38 pursuant to an agreement between Plaintiff and Chaleur LLC, the legal owner of record of the Defendant Ship. The agreement permitted the berthing of the ship during the pendency of a consulting relationship Plaintiff had with Chaleur LLC and its principal. This consulting relationship was terminated and ended effective October 2, 2010, but the Defendant Ship has not relocated.

7. The Defendant Ship has not paid nor offered to pay for berthing, utilities and

1  other services it is consuming and using from October 2, 2010 to the present and continuing.
2  Plaintiff has provided berthing and other services for the benefit of the Defendant Ship from
3  October 2, 2010 and Plaintiff continues to provide berthing, which services constitute
4  "necessaries" for purposes of the Commercial Instruments and Maritime Lien Act (46 U.S.C.
5  31301, *et seq.*).

6     8.    The legal owner of the Defendant Ship has been given ample time to remove the
7  Defendant Ship from the Pier 38 premises; however, the Plaintiff is informed and believes
8  that the owner is a defunct company with no money or assets that is unable to pay for any
9  maritime "necessaries" or to move or dispose of the aging vessel. The Defendant Ship still
10 has not been removed from Plaintiff's wharf, where she continues to occupy space, consume
11 electricity and pose a danger to the Pier 38 premises and the marine environment without
12 authority, and without payment of any kind to Plaintiff.

13     9.    Plaintiff has attempted to resolve this matter informally, without seeking the
14 assistance of this Honorable Court, however, such discussions ultimately proved entirely
15 unfruitful and failed to result in a resolution.

16     10.    Minimum reasonable berthing fees are accruing at the rate of not less than
17 $2,275 per month, including electricity, and the account for the Defendant Ship currently (as
18 of November 5, 2010) stands in arrears in the amount of $2,655.

19     11.    Plaintiff has fully satisfied all obligations required of it as a maritime services
20 provider under the above referenced contract.

21     12.    The Defendant Ship and her owner have failed to pay the sums necessary to
22 satisfy Plaintiff's maritime lien in the above amount, which now encumbers the Defendant
23 Ship.

24     13.    As a consequence of the foregoing, Plaintiff has been damaged, through the date
25 of this Verified *In Rem* Complaint, in a sum of not less than $2,655 (through November 5,
26 2010), plus additional berthing fees accruing through the date of arrest of the Defendant Ship,
27 plus prejudgment interest, plus costs of suit (including attorneys' fees), no part of which has
28

1 been paid by the Defendant Ship or by any other person or entity on her behalf.

## SECOND CLAIM FOR RELIEF

### (*Quantum Meruit*)

14. Plaintiff refers to Paragraphs 1 through 13, inclusive, of this Verified *In Rem* Complaint and incorporates them as though fully set forth herein.

15. Plaintiff has provided valuable berthing and related maritime necessaries to the Defendant Ship, for her benefit, from October 2, 2010 to the present and continuing.

16. These wharfage services and other maritime necessaries were accepted by the Defendant Ship but the Defendant Ship has failed to pay for such services.

17. Plaintiff had and has a rightful expectation of payment for these maritime services, but not been paid for them.

18. Under the circumstances presented, not requiring payment for these services would result in the unjust enrichment of the Defendant Ship.

19. By reason of the foregoing, Plaintiff has been damaged in a sum of not less than $2,655 (through November 5, 2010), plus additional wharfage fees accruing through the date of arrest of the Defendant Ship, plus prejudgment interest, plus costs of suit (including attorneys' fees).

## THIRD CLAIM FOR RELIEF

### (Trespass)

20. Plaintiff refers to Paragraphs 1 through 19, inclusive, of this Verified *In Rem* Complaint and incorporates them as though fully set forth herein.

21. Effective October 2, 2010, Plaintiff terminated its consulting contract with Chaleur LLC and demanded that the Defendant Ship be removed from Pier 38 on or before November 5, 2010. The Defendant Ship has failed to leave the premises as of that deadline and is now occupying a berth at Plaintiff's marina without authority.

22. As a result of the Defendant Ship's continuing occupancy of berthing space

1 without authority, the Defendant Ship is unlawfully interfering with Plaintiff's possession of
2 his real property.

3     23.      By reason of the foregoing, Plaintiff has been damaged and will continue to
4 suffer damages in a sum of not less than $2,275 per month commencing November 5, 2010,
5 plus additional costs and expenses for the care, insuring, preservation, storage and mooring of
6 the Defendant Ship.

7     **WHEREFORE**, Plaintiff prays:

8     1.      That process in due form of law pursuant to this Court's Admiralty and
9 Maritime Jurisdiction issue *in rem* against the Defendant Ship, her rigging, tackle, apparel,
10 furniture, engines, bunkers, and all other necessaries thereunto appertaining and belonging,
11 and that all persons claiming any interest in the Defendant Ship be cited to appear and answer
12 this Verified *In Rem* Complaint;

13     2.      That Plaintiff's maritime lien be declared to be valid and subsisting in an
14 amount not less than in a sum of not less than $2,655, plus additional berthing fees accruing
15 through the date of arrest of the Defendant Ship, plus accrued interest and recoverable costs of
16 suit;

17     3.      That judgment enter against the Defendant Ship, *in rem*, for Plaintiff's damages
18 in a sum not less than in a sum of not less than $2,655 plus additional berthing fees accruing
19 through the date of arrest of the Defendant Ship, together with interest thereon, and costs of
20 suit herein, including attorneys' fees, and together with all other amounts which have been or
21 are required to be disbursed by Plaintiff for the care, insuring, preservation, storage and
22 mooring of Defendant Ship, and all other advances, expenses, fees, costs and disbursements
23 by Plaintiff, together with post-judgment interest at the maximum statutory rate.

24     4.      That the Defendant Ship, her rigging tackle, apparel, furniture, and all other
25 necessaries thereunto appertaining and belonging be condemned and sold to pay the demands
26 and claims of Plaintiff, with interest and costs, and that Plaintiff may become a purchaser
27 permitted to credit bid at any sale of the Defendant Ship any amounts adjudged to be owing to

28

1 Plaintiff;

2     5.    That, in the event a bond or other acceptable security is posted with the Registry
3 of the Court to effect the release of the Defendant Ship as permitted by the Supplemental
4 Admiralty Rules (F.R.C.P.), an Order issue requiring that upon release by the U.S. Marshal
5 the Defendant Ship be immediately removed from Plaintiff's premises;

6     6.    That it be decreed that any and all persons, firms or corporations claiming any
7 interest in the Defendant Ship are forever barred and foreclosed of and from all right or equity
8 of redemption or claim of, in, or to the Defendant Ship and every part thereof; and

9     7.    That Plaintiff have such other and further relief as he may be entitled to receive.

10 Dated: November 5, 2010        Respectfully submitted,

11                             BRODSKY, MICKLOW, BULL & WEISS LLP

12

13                             By _____
                               Kurt Micklow

14                             Attorneys for Plaintiff
                            CARL H. ERNST, JR.
15                             E-mail: kmicklow@bmbwlawfirm.com

16

17                                 **VERIFICATION**

18     I, Carl H. Ernst, Jr., declare under penalty of perjury under the laws of the United
19 States and the State of California as follows:

20     1.    I am the Plaintiff in this action. I certify I have read the foregoing Verified
21 Complaint, and know its contents.

22     2.    The matters stated in the Verified Complaint are true of my own knowledge and
23 belief except as to those matters stated on information and belief, and as to those matters, I
24 believe them to be true.

25     Executed this 5th day of November, 2010 at Oakland, California.

26

27                                          _____
                                       Carl H. Ernst, Jr.
28